```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

RICHARD K. SCOTT                                CIVIL ACTION

VERSUS                                          NUMBER: 07-4150

WARDEN J. TRAVIS                                SECTION: "C"(5)


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and an order of reference from the District Judge, presently before the Court is the 28 U.S.C. §2241 application for federal habeas corpus relief of petitioner, Richard K. Scott, and the State's motion for summary judgment seeking dismissal of same. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Scott's petition be dismissed without prejudice for failure to exhaust available state court remedies.

Petitioner Scott is a state prisoner who is presently incarcerated at the Rayburn Correctional Center, Angie, Louisiana. As reflected by the record and the exhibits on file herein, on August 28, 1990, Scott was sentenced to twelve years imprisonment

following a conviction for attempted first degree murder and armed robbery in the Criminal District Court for the Parish of Orleans, State of Louisiana.  After serving a portion of that sentence, Scott was released on good time parole supervision, the conditions of which he apparently violated resulting in the remainder of his sentence being made executory on May 14, 2001.

After serving approximately twenty-nine more months of his original prison term, on October 24, 2003, Scott was released for a second time on good time parole supervision.  He was subsequently deemed to be an absconder on August 24, 2005 and on April 6, 2006, a parole violation warrant was issued for his arrest. Ultimately, Scott was apprehended in Texas on December 15, 2006 which was after the passage of the full term release date that had been calculated when he was released on good time parole supervision for the second time.  Scott's parole was formally revoked on February 8, 2007 and his full term release date has been recalculated to be January 23, 2010.  In the habeas application that he now brings before the Court, Scott argues that his present confinement is unlawful because he reached his previously-calculated release date before he was apprehended in Texas on December 15, 2006.

Scott's challenge to the revocation of his parole release is properly characterized as a habeas corpus proceeding brought under 28 U.S.C. §2241 rather than 28 U.S.C. §2254.  <u>Bernard v. Hunter</u>,

2006 WL 2506140 at *2 (E.D. La. 2006).  Just like habeas petitioners proceeding under §2254, prisoners who seek relief pursuant to §2241 must first exhaust the remedies that are available to them under state law.  Thomas v. Parker, 2007 WL 3353235 at *1 (E.D. La. 2007); Bernard, 2006 WL 2506140 at *2 (citing Batiste v. State, 1999 WL 102027 at *1 (E.D. La. 1999)).  The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion.  Thomas, 2007 WL 3353235 at *1 (citing Knox v. Butler, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990)).

    Although Scott has pursued administrative remedies available under state law and, following that, has petitioned the Nineteenth Judicial District Court for relief with respect to his parole revocation, he makes no showing of having presented the allegations set forth in his habeas petition to either the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court for their consideration.  As such, because Scott has failed to exhaust the judicial remedies that are available to him under state law, his petition should be dismissed without prejudice.

## **RECOMMENDATION**

    For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Richard K. Scott be

dismissed without prejudice for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  30th  day of    November   , 200 7 .

                                         ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE